ORIGINAL

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED
NOV - 5 2010
CLERK, U.S. DISTRICT COURT
By_____
Deputy

| | | |
|---|---|---|
| TROY LEROY JACKSON, | § | |
| Petitioner, | § | |
| | § | |
| v. | § | Civil Action No. 4:10-CV-189-Y |
| | § | |
| RICK THALER, Director, | § | |
| Texas Department of Criminal Justice, | § | |
| Correctional Institutions Division, | § | |
| Respondent. | § | |

### FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE AND NOTICE AND ORDER

This cause of action was referred to the United States Magistrate Judge pursuant to the provisions of 28 U.S.C. § 636(b), as implemented by an order of the United States District Court for the Northern District of Texas. The Findings, Conclusions, and Recommendation of the United States Magistrate Judge are as follows:

### I. FINDINGS AND CONCLUSIONS

#### A. NATURE OF THE CASE

This is a petition for writ of habeas corpus by a state prisoner under 28 U.S.C. § 2254.

#### B. PARTIES

Petitioner Troy Leroy Jackson, TDCJ-ID #1574110, is in custody of the Texas Department of Criminal Justice, Correctional Institutions Division, in Beeville, Texas.

Respondent Rick Thaler is the Director of the Texas Department of Criminal Justice, Correctional Institutions Division (TDCJ).

## C. Factual and Procedural History

In July 2008 Jackson was indicted for the felony offenses of sexual assault of a child (Count I) and indecency with a child (Count II) in Parker County, Texas, No. CR08-0519. (State Habeas R. at 55-56) The indictment included an enhancement paragraph, alleging a prior felony conviction for sexual assault. On April 22, 2009, the state filed a motion to amend the indictment to include the offense of aggravated kidnapping (Count III), and the amendment was approved by Jackson and his counsel in writing. (*Id.* at 57-58) On the same date, pursuant to a plea bargain agreement, Jackson pled guilty to aggravated kidnapping (Count III), and was sentenced to forty years' confinement. (State Habeas R. 64) Jackson did not directly appeal his conviction or sentence. (Pet. at 3) Jackson filed a state application for writ of habeas corpus, raising the claims presented herein, which was denied by the Texas Court of Criminal Appeals without written order on the findings of the trial court. *Ex parte Jackson*, No. WR-73,689-01, at cover. Jackson timely filed this federal petition.

## D. Issues

Jackson raises the following claims:

(1) He received ineffective assistance of trial counsel because counsel (a) failed to adequately investigate the case as to the offense and charge and object to the "void indictment," (b) failed to secure his rights from being charged with multiple offenses against the same victim, at the same time, and throughout the same episode, in violation of double jeopardy, and (c) falsified his signature on the state's motion for leave to amend the indictment (grounds one, three, and five);

(2) He was admonished as to an erroneous range of punishment (ground two); and

(3) The prosecution withheld favorable evidence from the defense in violation of *Brady* (ground four). (Pet. at 7-8)

2

E. Rule 5 Statement

Thaler believes that Jackson has exhausted his state remedies with regard to the issues presented as required by 28 U.S.C. § 2254(b)(1). (Resp't Answer at 3)

F. Discussion

*1. Legal Standard for Granting Habeas Corpus Relief*

Under 28 U.S.C. § 2254(d), a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a state court shall not be granted with respect to any claim that was adjudicated on the merits in state court proceedings unless he shows that the prior adjudication: (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law, or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court. 28 U.S.C. § 2254(d). A decision is contrary to clearly established federal law if the state court arrives at a conclusion opposite to that reached by the Supreme Court of the United States on a question of law or if the state court decides a case differently than the Supreme Court has on a set of materially indistinguishable facts. *Williams v. Taylor*, 529 U.S. 362, 405-06 (2000); *see also Hill v. Johnson*, 210 F.3d 481, 485 (5th Cir. 2000). A state court decision will be an unreasonable application of clearly established federal law if it correctly identifies the applicable rule but applies it unreasonably to the facts of the case. *Williams*, 529 U.S. at 407-08.

The statute further requires that federal courts give great deference to a state court's factual findings. *Hill*, 210 F.3d at 485. Section 2254(e)(1) provides that a determination of a factual issue made by a state court shall be presumed to be correct. This presumption of correctness applies to both explicit findings of fact and those findings of fact implicit in the state court's mixed law and

3

fact conclusions. *Valdez v. Cockrell*, 274, F.3d 941, 948 n.11 (5th Cir. 2001). Typically, when the Texas Court of Criminal Appeals denies relief in a state habeas corpus application without written order, it is an adjudication on the merits, which is entitled to the presumption. *Singleton v. Johnson*, 178 F.3d 381, 384 (5th Cir. 1999); *Ex parte Torres*, 943 S.W.2d 469, 472 (Tex. Crim. App. 1997). The petitioner bears the burden of rebutting the presumption of correctness by clear and convincing evidence. 28 U.S.C. § 2254(e)(1); *Miller-El v. Cockrell*, 537 U.S. 322, 340 (2003); *Williams*, 529 U.S. at 399.

*2. Waiver of Claims*

By entering a knowing, intelligent and voluntary guilty plea, a defendant waives all nonjurisdictional defects, including claims relating to deprivation of constitutional rights, that antedate the plea. *See Tollett v. Henderson*, 411 U.S. 258, 267 (1973); *Boykin v. Alabama*, 395 U.S. 238, 243 (1969); *United States v. Smallwood*, 920 F.2d 1231, 1240 (5th Cir. 1991). Because Jackson's guilty plea was knowingly, intelligently and voluntarily made, his claims, which do not involve the voluntariness of his plea, are waived. *See United States v. Broce*, 488 U.S. 563, 570 (1989); *Smith v. Estelle*, 711 S.W.3d 677, 682 (5th Cir. 1983); *Orman v. Cain*, 228 F.3d 616, 617 (2000).

A guilty plea is knowing, voluntary and intelligent if done with sufficient awareness of the relevant circumstances and likely consequences surrounding the plea. *See Brady v. United States*, 397 U.S. 742, 748 (1970). If a challenged guilty plea is knowing, voluntary and intelligent, it will be upheld on federal habeas review. *See James v. Cain*, 56 F.3d 662, 666 (5th Cir. 1995). Although a defendant's attestation of voluntariness at the time of the plea is not an absolute bar to later contrary contentions, it places a heavy burden upon him. *United States v. Diaz*, 733 F.2d 371, 373-

4

74 (5th Cir. 1979). He must show such a strong degree of misunderstanding, duress, or misrepresentation by the court, prosecutor, or his own counsel that his plea would become a constitutionally inadequate basis for imprisonment. *Id.* (citing *Blackledge v. Allison*, 431 U.S. 63, 75 (1977)).

Although there is no reporter's record of the plea proceeding, the documentary evidence supports a conclusion that Jackson's plea was knowingly, voluntarily and intelligently entered. (State Habeas R. at 57-63) Jackson and his counsel agreed in writing to amend the indictment to include the offense of aggravated kidnapping, and Jackson was informed of the range of punishment for the offense (15-99 years' or life imprisonment) and the recommended sentence in exchange for his guilty plea. Jackson executed written plea admonishments in which he waived all motions, pleadings and objections made before entry of his plea, his right to a trial, the appearance, confrontation and cross-examination of witnesses, his privilege against self-incrimination, and his right against double jeopardy. He further acknowledged that he was aware of the consequences of his plea, that his plea was made freely, knowingly, and voluntarily, that he fully understood the written plea admonishments, that he was completely satisfied with the representation given by counsel, and that counsel provided fully effective and competent representation. Finally, Jackson judicially confessed to committing aggravated kidnapping and that the enhancement paragraph was true. Such representations by a defendant during plea proceedings "carry a strong presumption of verity." *See Blackledge*, 431 U.S. at 74; *Kelley v. Alabama*, 636 F.2d 1082, 1084 (5th Cir. 1981).

Jackson's claims, after the fact, unsupported by anything in the record, are insufficient to rebut the presumption that he received effective assistance of counsel and the presumption of regularity of the state court records. *See Webster v. Estelle*, 505 F.2d 926, 929-30 (5th Cir. 1974)

5

(holding state court records "are entitled to a presumption of regularity"); *Babb v. Johnson*, 61 F. Supp. 2d 604, 607 (S.D. Tex. 1999) (same). Although the state habeas court did not enter express factual findings regarding the voluntary and knowing nature of Jackson's guilty plea, this court may reject the state court's implicit finding that his plea was freely, knowingly, and voluntarily made only if Jackson rebuts the presumption of correctness given to the state court factual findings "by clear and convincing standards." (State Habeas R. at 54) 28 U.S.C. § 2254(e)(1). Such showing not having been demonstrated by Jackson, the court defers to the state courts' adjudication of the issue.

*3. Evidentiary Hearing*

Jackson requests an evidentiary hearing for purposes of developing the record in support of his claims because a hearing was not held in state court. *See* 28 U.S.C. § 2254(e)(2). Section 2254(e)(2) provides:

> (e)(2) If the applicant has failed to develop the factual basis of a claim in State court proceedings, the court shall not hold an evidentiary hearing on the claim unless the applicant shows that—
>
> > (A) the claim relies on—
> > (i) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or
> > (ii) a factual predicate that could not have been previously discovered through the exercise of due diligence; and
> >
> > (B) the facts underlying the claim would be sufficient to establish by clear and convincing evidence that but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

Jackson has not met the statutory criteria. The case can be decided on the record, and the interests of justice do not require a hearing. Further development of the record is not necessary in order to assess the claims.

## II. RECOMMENDATION

Based on the foregoing, it is recommended that Jackson's petition for writ of habeas corpus be denied.

## III. NOTICE OF RIGHT TO OBJECT TO PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATION AND CONSEQUENCES OF FAILURE TO OBJECT

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 10 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The court is extending the deadline within which to file specific written objections to the United States Magistrate Judge's proposed findings, conclusions, and recommendation until November 25, 2010. In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

## IV. ORDER

Under 28 U.S.C. § 636, it is ordered that each party is granted until November 25, 2010, to serve and file written objections to the United States Magistrate Judge's proposed findings, conclusions, and recommendation. It is further ordered that if objections are filed and the opposing

party chooses to file a response, a response shall be filed within seven (7) days of the filing date of the objections.

It is further ordered that the above-styled and numbered action, previously referred to the United States Magistrate Judge for findings, conclusions, and recommendation, be and hereby is returned to the docket of the United States District Judge.

SIGNED November _____5_____, 2010.

JEFFREY L. CURETON
UNITED STATES MAGISTRATE JUDGE